KELLY V. SIGNET STAR RE,LLC, 10 CV 551 (CSH) , Electronic Endorsement of Dkts. ##25 & 27.

9/3/10 – ELECTRONIC ENDORSEMENT GRANTING Dkts. ##25 & 27.  On June 17, 2010, Senior Judge Charles S. Haight, Jr. referred this file to this Magistrate Judge and stayed all deadlines for discovery and motions until after the settlement conference was held. (Dkt. #19).  At the settlement conference, held on August 4, 2010, counsel requested the Magistrate Judge's assistance with framing appropriate search terms for electronically stored information ["ESI"](see Dkts. ##20-23), following which the Magistrate Judge filed a Ruling on Scope of Discovery of Electronically Store Information on August 18, 2010 (Dkt. #24)["August Ruling"].   Familiarity is presumed with the August Ruling.

The August Ruling ordered defendant to conduct its search of ESI, which limited the ESI search of the entirety of plaintiff's mailbox, and eighteen discrete searches within the mailboxes of three employees, from July, 1, 2008 to July 31, 2010, without prejudice to plaintiff seeking additional searches as warranted. (At 1-4). Production was to be completed by today, September 3, 2010.  (At 4).  In addition, the stay imposed by Judge Haight was lifted, and a new scheduling order was imposed, with all discovery to be completed by February 1, 2011.  (Id.).

Yesterday, September 2, 2010, defendant filed the pending Motion for Extension of Time (Dkt. #25), seeking an additional two weeks until September 17, 2010, in that while the more than 7,000 emails within plaintiff's email box will be forwarded to plaintiff's counsel today, defendant's IT professional needs additional time to complete the other searches.  With rapid response that can only be possible with electronic docketing, on September 2, plaintiff filed his objection to this motion (Dkt. #26) and defendant filed its reply brief (Dkt. #28).

In light of the sheer volume of documents that need to be identified and reviewed, defendant's Motion for Extension of Time (Dkt. #25) is granted, until **September 17, 2010**, over plaintiff's objection.

Counsel also bicker over the deadlines for the parties to respond to discovery requests that were propounded before Judge Haight imposed the stay, an issue that was not raised by the parties before.   (See Dkts. ##25-28).  At this juncture, it does not matter who served what discovery requests first.  In order to give both parties ample opportunity to respond to the outstanding discovery requests, plaintiff's Motion for Clarification on the Scheduling Order Regard[ing] Deadlines for Pending Discovery by the Parties (Dkt. #27) is granted, such that the parties will respond to the pending discovery requests by **September 17, 2010.**

The Magistrate Judge has expended six paragraphs to address issues which could, and should, have been resolved by counsel in a three minute telephone conversation, without burdening the Court with petty disputes.  In that discovery is continuing for another five months, counsel **must** find a better way to improve their abilities to communicate with one another.