UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------------------------------x
                                                       :
PAUL J. KELLY                                          :
                                                       :        3:10 CV 551 (CSH)
                                                       :
v.                                                     :
                                                       :
SIGNET STAR RE, LLC                                    :        JANUARY 13, 2011
                                                       :
-------------------------------------------------------x
```

RULING ON PLAINTIFF'S MOTION TO COMPEL

The factual and procedural history behind this lawsuit, filed under the Age Discrimination in Employment Act of 1967 ["ADEA"], 29 U.S.C. § 621 et seq.,[1] has been summarized in detail in this Magistrate Judge's Ruling on Scope of Discovery of Electronically Stored Information, filed August 18, 2010 (Dkt. #24)["August 2010 Ruling"], Electronic Endorsement, filed September 3, 2010 (Dkt. #29), and Ruling Following In Camera Review, filed December 10, 2010 (Dkt. #34), familiarity with which is presumed. In his First Amended Complaint, filed on May 13, 2010 (Dkt. #7), plaintiff alleges that he had positive Annual Performance Reviews from the start of his employment with defendant in August 2002 until Jonathan Schriber became defendant's new President and CEO on July 1, 2008; in early January 2010, plaintiff received his first unsatisfactory Annual Performance Review, and shortly thereafter, on January 29, 2010, plaintiff was terminated. (¶¶ 9-31; see also Dkt. #24, at 2-3). Under the latest scheduling order, all discovery is to be completed by March 1, 2011, and all dispositive motions are to be filed by May 16, 2011. (Dkt. #32, ¶ 4).

In accordance with deadlines set by the court (id., ¶ 3), on December 13, 2010,

---

[1]In addition to his claim under ADEA (Count One), plaintiff also alleges intentional infliction of emotional distress (Count Two), breach of the covenant of good faith and fair dealing (Count Three), and violation of the Connecticut Fair Employment Practices Act (Count Four).

plaintiff filed the pending Motion to Compel, with brief and exhibits in support. (Dkts. ##35-36).[2] Nine days later, defendant filed its brief in opposition. (Dkt. #40).

## I. DISCUSSION

At issue in this motion are ten Interrogatories (Nos. 2, 3, 6, 7, 8, 9, 10, 11, 12 and 13) and forty Requests for Production (Nos. 1, 2, 3, 4, 5, 8, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37,39, 40, 43, 44, 46, 47 and 48). As to these fifty discovery requests, the Magistrate Judge rules as follows:

Interrogatories Nos. 2-3 – Denied, insofar as defendant does not have any claim for liability and/or damages. (See Dkt. #36, at 5-6 & Exhs. A & C; Dkt. #40, at 4-5).

Interrogatory No. 6 – Granted in part and denied in part, in that while defendant is correct that the term "exact job responsibilities" is "vague and ambiguous," defendant's response only lists the names, titles and ages of the three employees "who generally took over [p]laintiff's job responsibilities[,]" without advising what those general job responsibilities were. (See Dkt. #36, at 6-7 & Exhs. A & C; Dkt. #40, at 5). Therefore, **on or before February 4, 2011**, defendant will serve supplemental responses which outline the general job responsibilities of plaintiff that were taken by Dionne Chisolm, Gordon J. Olver, and Joseph W. Walsh.

Interrogatories Nos. 7-8 – Denied, insofar as the only statements defendant has are

---

[2]The following nine exhibits are attached to plaintiff's brief: copy of plaintiff's First Set of Interrogatories, dated May 27, 2010 (Exh. A); copy of plaintiff's First Set Request for Production, also dated May 27, 2010 (Exh. B); copy of defendant's Response to Plaintiff's First Set of Interrogatories, dated September 17, 2010 (Exh. C); copy of defendant's Response to Plaintiff's First Request for Production, also dated September 17, 2010 (Exh. D); copies of correspondence between counsel, dated November 17 & 19, 2010 (Exhs. E-F)(page 3 is missing from Exh. F); copy of e-mail correspondence between the parties, dated May 5, 10, 11, 12, 16, 17, 18 & 19, June 26 & 28, and November 17, 22 & 23, 2009 (Exh. G); copy of defendant's e-mail, dated March 16, 2009 (Exh. H); and final page of undated mail (Exh. I).

from Jonathan Schriber, its President and Chief Executive Officer, and Olver, a Senior Vice President, both managerial level employees whose statements are protected by the attorney-client privilege. (See Dkt. #36, at 7-8 & Exhs. A, C & F; Dkt. #40, at 5).

Interrogatory No. 9 – <u>Granted in part and denied in part</u>, insofar as defendant is required to amplify, with greater specificity, plaintiff's alleged failure to "meet[] important performance expectations with respect to, among other things, marketing activity." While defendant is not required to list each and every detail, more clarification is necessary. (See Dkt. #36, at 9-10 & Exhs. A & C; Dkt. #40, at 6). Therefore, **on or before February 4, 2011**, defendant will serve a supplemental response to this interrogatory.

Interrogatory No. 10 – <u>Granted in part and denied in part</u>, in that while defendant cannot be required to describe "<u>all facts</u>" that form the basis and support of its Affirmative Defenses, again more clarification is necessary. (See Dkt. #36, at 10 & Exhs. A & C; Dkt. #40, at 6)(emphasis in original). Therefore, **on or before February 4, 2011**, defendant will serve a supplemental response to this interrogatory.

Interrogatory No. 11 – <u>Denied without prejudice to renew</u>, insofar as plaintiff has demonstrated **no** compelling reason to have the home e-mail addresses of eight of defendant's employees, and already knows the business e-mail addresses of these individuals. (See Dkt. #36, at 11 & Exhs. A, C & F; Dkt. #40, at 6-7). If, for example, it was common practice of Signet Star employees to use their home e-mail for business purposes, then there might be some relevance to plaintiff's request. However, in the absence of any evidence or argument to that effect by plaintiff, plaintiff is not entitled to this information.

Interrogatory No. 12 – <u>Granted in part and denied in part</u>, insofar as defendant is required to specify, in some more detail, what the vacation policy was "across affiliate

company lines" and to identify what companies were included. (See Dkt. #36, at 11-12 & Exhs. A , C; Dkt. #40, at 7).   Therefore, **on or before February 4, 2011**, defendant will serve a supplemental response to this Interrogatory.

Interrogatory No. 13 – Denied, insofar as defendant's response is adequate. (See Dkt. #36, at 12-13 & Exhs. A & C).[3]

Requests for Production Nos. 1-2 – Denied, insofar as defendant cannot be required to itemize the more than 30,000 pages of documents it has produced for plaintiff. (See Dkt. #36, at 13-14 & Exhs. B & D; Dkt. #40, at 7).[4]

Requests for Production Nos. 3-4 – Denied, insofar as defendant has provided a copy of the relevant handbook. (See Dkt. #36, at 14-15 & Exhs. B, D & F; Dkt. #40, at 7).

Request for Production No. 5 – Denied, insofar as defendant has provided a copy of plaintiff's personnel file, along with the non-privileged notes authored by Olver. (See Dkt. #36, at 15-16 & Exhs. B & D; Dkt. #40, at 7).

Requests for Production Nos. 8, 18 & 39 – Granted in part and denied in part, in that the August 2010 Ruling limited plaintiff's ESI discovery to the e-mail boxes of plaintiff, Olver, Scriber and Nancy Micale only, as to a limited number of search terms, "[w]ithout prejudice to plaintiff seeking additional ESI at a future time, as warranted," including the e-mail box of Todd Bolden. (At 2-4)(emphasis omitted).   In these discovery requests, plaintiff is now seeking, inter alia, all e-mails written by Fred Madsen, as well as by Bolden, in light of multiple e-mails produced by defendant in which these two individuals participated on the topics of "Scottsdale," "Chinese Drywall" and "State Auto," topics which were included in the August

---

[3]In its brief in opposition, defendant failed to respond regarding this request. (Dkt. #40, at 7).

[4]The exact figure is 31,627 pages. (Dkt. #36, at 18).

2010 Ruling (at 3). Thus, plaintiff is entitled to production of all ESI within the e-mail boxes of Madsen and Bolden with the search terms "Scottsdale," "Chinese Drywall" and "State Auto." (See Dkt. #36, at 16-17, 22 & Exhs. B, D & G; Dkt. #40, at 8, 9). Defendant shall serve its supplemental documents **on or before February 4, 2011**.

Request for Production No. 10 – Denied insofar as defendant has produced all relevant documents. (See Dkt. #36, at 18 & Exhs. B, D & F; Dkt. #40, at 8).

Requests for Production Nos. 12-17, 23-24, 27-33 – Denied, insofar as defendant has produced more than 30,000 pages of documents to support its position in this lawsuit. (See Dkt. #36, at 18-22, 26, 28-32 & Exhs. B, D & F; Dkt. #40, at 8-9, 10-11).[5]

Request for Production No. 19 – Denied, insofar as defendant represents that there are no additional documents. (See Dkt. #36, at 23 & Exhs. B, D & H; Dkt. #40, at 9-10).

Request for Production No. 20 – Denied, insofar as defendant represents that it has produced all responsive documents. (See Dkt. #36, at 23-24 & Exhs. B, D F & I; Dkt. #40, at 10).

Request for Production No. 21 – Denied, insofar as defendant represents that it has produced all responsive documents. (See Dkt. #36, at 24-25 & Exhs. B & D; Dkt. #40, at 10).

Request for Production No. 22 – Granted, to the extent that defendant has a copy of the August 2009 memorandum and if it does not assert an attorney-client privilege to such document, with production **on or before February 4, 2011**. (See Dkt. #36, at 25-26).[6]

---

[5]In its brief in opposition, defendant failed to respond regarding Requests for Production Nos. 24 and 28. (Dkt. #40, at 10).

[6]In its brief in opposition, defendant failed to respond regarding this request. (Dkt. #40, at 10).

Requests for Production Nos. 25-26 – <u>Granted</u>, to the extent that defendant has copies of any documents pertaining to defendant's alleged refusal to permit plaintiff or Steve Horvath to attend any trade conventions, with production **on or before February 4, 2011**. (<u>See</u> Dkt. #36, at 27-28 & Exhs. B & D; Dkt. #40, at 10).

Requests for Production Nos. 34-37 – <u>Denied</u>, insofar as defendant has represented that it has no documents responsive to these requests. (<u>See</u> Dkt. #36, at 32-34 & Exhs. B & D; Dkt. #40, at 11).[7]

Request for Production No. 40 – <u>Denied</u>, insofar as the request for all documents concerning Key Card security entrance and exit records for plaintiff, "his peers, and his supervisors" for a three year period is unduly burdensome and largely irrelevant. (<u>See</u> Dkt. #36, at 34-35 & Exhs. B & D; Dkt. #40, at 11-12).

Request for Production No. 43 – <u>Denied</u>, insofar as defendant has represented that there are no responsive documents, in that no complaints of age discrimination have been made against Olver or Schriber. (<u>See</u> Dkt. #36, at 35-36 & Exhs. B & D; Dkt. #40, at 12).

Request for Production No. 44 – <u>Denied</u>, insofar as defendant has represented that it has fully complied with this discovery request. (<u>See</u> Dkt. #36, at 36-37 & Exhs. B & D; Dkt. #40, at 12).

Request for Production No. 46 – <u>Denied</u>, for the same reasons as stated above with respect to Interrogatories Nos. 6-7. (<u>See</u> Dkt. #36, at 37 & Exhs. B & D; Dkt. #40, at 12-13).

Requests for Production Nos. 47-48 – <u>Denied</u>, insofar as defendant represents that there are no responsive documents. (<u>See</u> Dkt. #36, at 37-38 & Exhs. B & D; Dkt. #40, at

---

[7]In its brief in opposition, defendant failed to respond regarding Request for Production No. 36. (Dkt. #40, at 11).

13).

In addition, both sides have sought attorney's fees for their expenses associated with this motion.  (Dkt. #36, at 39; Dkt. #40, at 13-14).  As the electronic docket sheet on CM/ECF reflects, this is the <u>fourth</u> discovery ruling issued by this Magistrate Judge in the five-month period from mid-August 2010 to the present; most of the issues raised in those rulings, as in this one, <u>should, and could,</u> have been resolved by counsel without burdening the Court. Accordingly, both requests for attorney's fees are <u>denied</u>, without prejudice to the Court imposing sanctions in the future as warranted.

<u>II. CONCLUSION</u>

Therefore, for the reasons stated above, plaintiff's Motion to Compel (Dkt. #35) is <u>granted in part and denied in part, as set forth above, with respect to Interrogatories Nos. 6, 9, 10 and 12</u>, with supplemental responses to be served **on or before February 4, 2011**;

Plaintiff's Motion to Compel (Dkt. #35) is <u>denied without prejudice to renew at a later time with respect to Interrogatory No.11</u>;

Plaintiff's Motion to Compel (Dkt. #35) is <u>denied with respect to Interrogatories Nos. 2, 3, 7, 8 and 13</u>;

Plaintiff's Motion to Compel (Dkt. #35) is <u>granted with respect to Request for Production No. 22  to the extent that defendant has a copy of the August 2009 memorandum and if it does not assert an attorney-client privilege to such document, with service thereof, and granted with respect to Requests for Production Nos. 25 and 26, to the extent that any such documents exist</u>, **with production of such documents on or before February 4, 2011**;

Plaintiff's Motion to Compel (Dkt. #35) is <u>granted in part and denied in part, to the</u>

extent set forth above, with respect to Requests for Production Nos. 8, 18 and 39, with supplemental documents to be served **on or before February 4, 2011**;

Plaintiff's Motion to Compel (Dkt. #35) is denied with respect to Requests for Production Nos. 1, 2, 3, 4, 5, 10, 12, 13, 14, 15, 16, 17, 19, 20, 21, 23, 24, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 40, 43, 44, 46, 47 and 48.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

Dated at New Haven, Connecticut, this 13th day of January, 2011.


  /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge